Filed 2/7/24  In re D.A. CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| In re D.A., a Person Coming Under the Juvenile Court Law. | |
| SAN DIEGO COUNTY HEALTH AND HUMAN SERVICES AGENCY, | D082699 |
| Plaintiff and Respondent, | (Super. Ct. No. J519699) |
| v. | |
| D.A., | |
| Defendant and Appellant, | |
| D.A., | |
| Respondent. | |

APPEAL from an order of the Superior Court of San Diego County, Nadia J. Keilani, Judge.  Affirmed.

Jacob I. Olson, under appointment by the Court of Appeal, for Defendant and Appellant.

Jesse McGowan, under appointment by the Court of Appeal, for Respondent.

Claudia G. Silva, County Counsel, Lisa M. Maldonado, Chief Deputy County Counsel, and Evangelina Woo, Deputy County Counsel, for Plaintiff and Respondent.

INTRODUCTION

At a contested adjudication and disposition hearing, the juvenile court found minor Do.A. (Minor) came within the jurisdiction of the juvenile court under Welfare and Institutions Code section 300, subdivision (c) as a child suffering, or at risk of suffering, serious emotional damage due to his father's conduct.[1]  Minor does not challenge this finding, but appeals the order because the court denied his request to amend the petition to *add* an allegation that he was *also* at substantial risk of suffering serious physical harm under section 300, subdivision (b)(1) due to the failure or inability of father Da.A. (Father) to adequately supervise or protect Minor based on Father's mental illness and substance use.  Assuming, without deciding, Minor states a justiciable claim, we conclude the juvenile court did not abuse its discretion in denying the request to amend the petition.

FACTUAL AND PROCEDURAL BACKGROUND

A.    *Family Background*

Minor first became a dependent of the juvenile court in 2018 based on allegations that Father engaged in a violent confrontation with his girlfriend in the presence of Minor.  Father was on probation at the time of this incident following a domestic violence arrest involving Minor's mother.[2]  During this first dependency proceeding, Minor had several out-of-home placements,

---

[1]    Further statutory references are to the Welfare and Institutions Code.

[2]    Minor's mother reportedly left Father in 2016 because he was physically and emotionally abusive toward her.  She did not maintain contact with Minor.  She is not a party to this appeal.

including a placement with E.R., a licensed foster care provider. Minor eventually returned to the care of his Father in September 2019 after Father completed a variety of services. The juvenile court terminated jurisdiction and awarded Father sole legal and physical custody of Minor in May 2020.

B.     *Initiation of Current Case*

In June 2023, E.R. reported that Minor had been living with her again for several months. She could no longer care for Minor due to the stress and financial toll it caused her family. Father, who was unhoused, cared for Minor during the day when E.R. worked. During the school year, Father visited Minor on the weekends and returned Minor to E.R.'s home in the evening to sleep. Father was not taking prescribed medications for his mental health conditions and was using street drugs. Father was not allowed to go to E.R.'s home because he got into a fight with E.R.'s husband. E.R. explained there were many issues with Father's unpredictable and aggressive behaviors due to his mental health. She wanted to help Minor transition to a foster home.

Father admitted he used methamphetamine to keep himself "going." However, he said he could stop at any time. Minor reported Father smoked in his presence and that when Father stops smoking he gets sick. Minor related, saying he feels sick and shaky when he does not take his own medicine.

Minor takes four medications for obsessive compulsive disorder (OCD), attention deficit hyperactivity disorder (ADHD), anxiety, and depression. E.R. emphasized the importance of Minor taking those medications for his mental health. Minor's psychiatrist said the side effects of suddenly stopping some of Minor's medications could include worsening mental health, volatile

3

behaviors, nausea, vomiting, shaking, flu-like symptoms, and "brain zaps which are a shock feeling in the brain."

Although Minor expressed a desire to live with Father, Minor was concerned that Father would not give him his medication. On one occasion, Father did not return Minor to E.R.'s care as scheduled and did not receive his medication.

Father's probation officer reported that Father missed several appointments and admitted using drugs, but Father denied using in the presence of Minor. The probation officer did not think Father could care for Minor and that he was placing Minor at risk by using drugs and maintaining a transient lifestyle.

The Agency obtained a protective custody warrant for Minor based on concerns about Father's ability to meet Minor's mental health needs. The Agency reported it had "serious concerns" about Father's ability to meet Minor's mental health needs and maintain a sober environment. Some of Minor's medication required identification to pick up from a pharmacy. Father did not try to obtain identification even though he was aware E.R. could not continue to care for Minor. The Agency executed the protective custody warrant on June 29, 2023 and detained Minor at an emergency shelter for children.

The Agency filed a petition on July 3, 2023 alleging Minor came within the jurisdiction of the juvenile court under section 300, subdivision (c) because he was "suffering or is at substantial risk of suffering, serious emotional damage evidenced by severe anxiety, depression, withdrawal, or untoward aggressive behavior toward self or others . . . and the child has no parent or guardian capable of providing appropriate care." The petition specifically alleged Minor had a mental health diagnoses "requiring mental

4

health treatment and medication which the father has been unable to provide. The father admits to his own ongoing usage of methamphetamine and untreated attention deficit hyperactivity disorder, anxiety, and bipolar disorder. The father does not know the minor's specific mental health needs or medication and has been unable to ensure that the minor can continue his medication regimen while in the father's care. . . ."

Toward the end of July 2023, Minor was involved in a couple of incidents at the emergency shelter. On one occasion, he became upset and displayed unsafe behavior by attempting to assault staff members and by banging his head. On another occasion, Minor and another child became assaultive toward one another after the other child removed a blanket on top of a fort in which Minor was playing.

C.     *Motion to Amend Petition*

Prior to the detention hearing, Minor's counsel filed a motion to amend the petition to add an allegation under section 300, subdivision (b)(1) and to dismiss the allegation under section 300, subdivision (c). At the detention hearing, Minor's counsel stated she would request at the jurisdiction and detention hearing that the court amend the petition according to proof.

At the contested jurisdiction and detention hearing in August 2023, Minor's counsel requested the court add an allegation under section 300, subdivision (b). Counsel did not ask to dismiss the allegation under section 300, subdivision (c). She submitted on that allegation. But counsel argued a true finding on an allegation under section 300, subdivision (b) was more appropriate. Specifically, counsel contended that Father's own substance use and mental health issues led to neglect of Minor.

Father's counsel and county counsel asked the court to deny the motion to amend the petition because the facts of the case more closely fit the

5

situation described in section 300, subdivision (c).  County counsel stated there was a nexus between Father's methamphetamine use and his failure to ensure Minor received the medications Minor needed for his mental health issues.  However, county counsel questioned whether there was evidence of other significant physical harm to Minor because of Father's substance use that would support an allegation under section 300, subdivision (b).

The court considered *In re Jessica C.* (2001) 93 Cal.App.4th 1027, cited by Minor's counsel, and found it dissimilar.  The court denied the motion to amend the petition.  The court made a true finding that Minor was a child described by section 300, subdivision (c) because he suffers from mental health issues requiring mental health treatment and medication, which Father had been unable to provide for Minor.  Minor appealed.

## DISCUSSION

There is no dispute that juvenile court jurisdiction over Minor was proper because he was suffering, or was at risk of suffering, serious emotional damage, "evidenced by severe anxiety, depression, withdrawal, or untoward aggressive behavior toward self or others, as a result of the conduct of the parent . . . ."  (§ 300, subd. (c).)  Minor had mental health diagnoses, including anxiety and depression, that required "mental health treatment and medication which the father has been unable to provide."

The only issue on appeal is whether the court should have granted Minor's petition to *add* an allegation that jurisdiction was also appropriate under section 300, subdivision (b)(1), which is known as the failure to protect provision.  Minor's counsel argued at the hearing that Father's issues with mental illness and substance abuse "led to neglect of the minor with regard to housing, leaving the minor with other people, that sort of thing."  Father objected to this statement saying he was "getting really tired of hearing that

6

word, neglect. That's a ridiculous accusation." Minor's appeal essentially hangs on this statement.

Minor contends the court's failure to amend the petition "places the entire weight of this dependency case on [Minor's] mental health" and left Father "to believe his own misguided position that he was not negligent and did nothing wrong in his role as a father." Minor further contends the decision not to amend the petition "impacted the likelihood of family reunification" because it did not assign to Father any responsibility for the dependency case and left Minor to believe his mental health was "the sole cause of his dependency." Minor contends a true finding on an additional jurisdictional count under section 300, subdivision (b)(1) would best promote his interests and reunification with Father. We disagree.

"A juvenile court may amend a dependency petition to conform to the evidence received at the jurisdiction hearing to remedy immaterial variances between the petition and proof. (§ 348; Code Civ. Proc., § 470.)" (*In re Andrew S.* (2016) 2 Cal.App.5th 536, 544, fn. 4.) "The basic rule from civil law . . . is that amendments to conform to proof are favored, and should not be denied unless the pleading as drafted prior to the proposed amendment would have misled the adversarial party to its prejudice." (*In re Jessica C.* (2001) 93 Cal.App.4th 1027, 1042.) However, "the allowance of amendments to conform to the proof rests largely in the discretion of the trial court and its determination will not be disturbed on appeal unless it clearly appears that such discretion has been abused." (*Trafton v. Youngblood* (1968) 69 Cal.2d 17, 31.)

Subdivision (b)(1) of section 300 provides a basis for jurisdiction if the child has suffered, or is at substantial risk of suffering, serious *physical* harm as a result of the parent's failure or inability to adequately supervise or

7

protect the child (§ 300, subd. (b)(1)(A)–(B)), the willful or negligent failure to provide for the minor's basic needs, including adequate medical treatment (§ 300, subd. (b)(1)(C)), or the inability of the parent to provide regular care for the child due to the parent's "mental illness, . . . , or substance abuse" (§ 300, subd. (b)(1)(D)). Under this subdivision, jurisdiction is not appropriate solely due to a family's homelessness or indigence. (§ 300, subd. (b)(2)(A), (C).)

"[T]he purpose of a dependency proceeding [is] to protect the child, rather than prosecute the parents." (*In re H.R.* (2016) 245 Cal.App.4th 1277, 1285.) A dependency petition is brought on behalf of a child based on the type of harm suffered. If the child comes within the description of one of the section 300 subdivisions, "the petition is simply 'sustained'; it is not sustained against a parent or as to one or both parents." (Cal. Judges Benchguides, Benchguide 101: Juvenile Dependency Jurisdiction Hearing (CJER 2018) § 101.5, p. 101–10.) The court "gains jurisdiction over a parent only when that parent is properly notified." (*Id.* at § 101.4, p. 101–10.)

Here, the Agency presented evidence that the primary safety concern for Minor was that he suffered, or was at risk of suffering emotional harm due to Father's inability to provide for Minor's mental health conditions. Contrary to Minor's contention, the petition assigns Father responsibility for the emotional harm to Minor. The petition alleges the emotional harm was caused by Father's failure to ensure Minor received his medications due to Father's substance abuse and untreated mental health conditions. Based on that emotional harm, or potential emotional harm, the court properly exercised jurisdiction.

As county counsel pointed out, whether Father's drug use and untreated mental conditions posed the risk of additional *physical* harm to

8

Minor was unclear based on the evidence at this stage of the proceeding. Such a nexus is required under section 300, subdivision (b).

The case of *In re Gabriel K.* (2012) 203 Cal.App.4th 188, cited by Minor, involved a denial reunification services based on a parent's failure to make reasonable efforts to address the issues leading to dependency. In that case, the mother remained enmeshed in a drug life that posed a danger to her children. She refused to participate in reunification services and continuously denied wrongdoing over several years. (*Id.* at pp. 196–197.) In that circumstance, the court properly determined there was substantial evidence to support the conclusion that the mother failed to make reasonable efforts to treat the issues underlying the dependency matters and denied further reunification services. The court commented, "[o]ne cannot correct a problem one fails to acknowledge." (*Id.* at p. 197.)

That is not yet the situation here. The court here ordered the Agency to provide reunification services to Father and ordered Father to comply with those services. The initial case plan identified concerns about Father's use of methamphetamines, his untreated mental health issues, and how these issues affected his ability to care for Minor and to meet Minor's needs, including Minor's mental health needs. The case plan identifies services for Father including parent education, substance abuse treatment, therapy, and medication management for Father's conditions. The Agency is to obtain a psychological evaluation and Father is required to follow the recommendations. Father attended the child and family team meeting and apparently agreed to comply with the case plan. He expressed understanding at various times that he needs to take medication. Whether Father can or will comply with the case plan and take steps to remedy the issues that brought Minor into dependency proceedings again will be the subject of

9

further review hearings. It is speculative to conclude an additional jurisdictional finding would somehow encourage Father to engage more fully in services.

This is not a situation where the allegations of the dependency petition impact the availability of services. In the case of *In re Jessica C.* (2001) 93 Cal.App.4th 1027, 1040 a minor testified that the father "touched" her vagina with his penis, rather than "penetrated" her vagina as alleged in the petition. The appellate court determined the juvenile court abused its discretion in denying a request to amend the petition according to proof regarding whether there was genital "touching" rather than "penetration." The denial of the request to amend the petition according to this testimony was prejudicial to the minor because a true finding of genital-on-genital "touching" would support an allegation of "severe sexual abuse," which can result in the absolute denial of reunification services. (*Id.* at pp. 1042–1043.)

Here, Minor has presented no authority to support the contention that adding an allegation under section 300, subdivision (b) would impact the type or availability of reunification services offered in this case. Based on the record before us, we cannot conclude the juvenile court abused its discretion in denying the motion to amend the petition.

DISPOSITION

The order is affirmed.

HUFFMAN, J.

WE CONCUR:

McCONNELL, P. J.

IRION, J.

11